# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ROMERO,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>WALMART, INC.,<br>　　　Defendant. | CV 19-1185 DSF (AGRx)<br><br>Order DENYING Motion to Remand or Amend Complaint (Dkt. No. 10) |

　　Plaintiff seeks to remand this case due to Defendant's alleged failure to remove within 30 days of becoming aware of grounds for removal. In the alternative, Plaintiff moves for leave to amend to add a non-diverse defendant and remand to state court. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for April 22, 2019 is removed from the Court's calendar.

　　Plaintiff's complaint alleges that she is a resident of California. Based on this and the presumption that a resident of a state is domiciled there, Plaintiff argues that Defendant was on notice of diversity jurisdiction when it was initially served with the complaint. Defendant's position is that it was not required to remove until it received confirmation from Plaintiff that Plaintiff is a California citizen. Defendant is correct. Defendant could have potentially removed the case based on the residency allegation, but it was not required to do so until it received

confirmation of the diversity of the parties.  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 693–96 (9th Cir. 2005).

Neither party applies the correct standard regarding Plaintiff's request to add a non-diverse party.  The situation is governed by 28 U.S.C. § 1447(e), not Rule 15(a) or the fraudulent joinder standard.  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The Ninth Circuit has not enunciated a standard for amendments under § 1447(e) other than to note that such amendments are left to the discretion of the trial court.  See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

The Court denies leave to amend.  Plaintiff seeks to add Defendant's store manager, who was present when Plaintiff fell in Defendant's store.  The proposed emotional distress claims involve the manager's alleged lack of empathy towards Plaintiff at the time of the fall.  The allegations of the proposed amended complaint do not suggest that the manager's actions came anywhere close to the egregious conduct generally required for a successful claim.  In addition, it is fairly obvious that the amendment is primarily, if not solely, sought for the purpose of defeating diversity.

The motion to remand or to amend the complaint is DENIED.

IT IS SO ORDERED.

Date: April 12, 2019

Dale S. Fischer
United States District Judge